UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA, | ) 1:09-cv—1648-AWI-SKO-HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATION TO ) DENY PETITIONER'S APPLICATIONS ) FOR DEFAULT JUDGMENT |
| v. | ) (DOCS. 13, 16) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) |
| Respondents. | ) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 72-302 and 72-304. Pending before the Court are Petitioner's two applications for default judgment.

I. Background

On January 4, 2010, the Court directed Respondent to file a response to the petition no later than sixty (60) days after service of the order. On March 4, 2010, Respondent served by mail on Petitioner and timely filed in this Court a motion to

1

dismiss in response to the petition.  (Doc. 12, pp. 1, 5.)

On March 18, 2010, Petitioner filed a notice and application for default judgment based on Petitioner's understanding that Respondent had not timely responded to the petition.  (Doc. 13, pp. 1-2.)  On April 22, 2010, Petitioner filed a motion for an extension of time within which to respond to the motion to dismiss; Petitioner stated in a declaration that because he had not received the motion to dismiss until April 14, 2010, he had filed the application for default judgment.  (Doc. 15 p. 2.) Also on April 22, 2010, Petitioner filed another application for default judgment (Doc. 16) in which he referred to Respondent's failure to answer the petition.

Respondent has not responded to the applications for default judgment.  However, the pertinent facts are clear, and the Court finds that the motions are ready for decision.

II. Application for Default Judgment

Here, as detailed above, the documents filed in this case reveal that the Respondent timely responded to the petition.  The Court thus finds that there has been no delay in the response to the petition.

Further, the filing of a motion to dismiss instead of an answer was authorized by the Court's order of January 4, 2010, which referred to the possibility of Respondent's filing a motion to dismiss and set forth a briefing schedule for any such motion.  (Doc. 7, p. 2.) It is established that the filing of a motion to dismiss is authorized by Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.  Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments.  Here, the motion filed

2

by Respondent was based on an absence of a basis for granting federal habeas relief because the Petitioner's complaint did not affect the legality or duration of his confinement. This Court has limited jurisdiction and is mindful of its continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). The Court finds that the filing of a motion to dismiss was appropriate.

Finally, the Court notes that in any event, a petitioner is not entitled to a default judgment where a respondent fails to respond timely to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require. It is established that it is the petitioner's burden to show that he is in custody in violation of the laws of the United States. Walker v. Johnston, 312 U.S. 275, 286-87 (1941). A failure by state officials to comply timely with the deadlines set by the Court does not relieve Petitioner of this burden of proof or entitle him to entry of a default or a default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (no entitlement to default judgment because of untimely response);

3

United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (late filing of motion to dismiss did not entitle a petitioner to entry of default); Bermudez v. Reid, 733 F.2d 18, 21 (2nd Cir. 1984) (late filing of answer did not justify default judgment).

### III. Recommendation

Accordingly, pursuant to the foregoing analysis, it is RECOMMENDED that Petitioner's applications for default judgment be DENIED.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 10, 2010**                             **/s/ Sheila K. Oberto**

UNITED STATES MAGISTRATE JUDGE