IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA, | 1:09-cv-01648-SKO (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |
| vs. | |
| | (DOCUMENT #38) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | THIRTY DAY DEADLINE |
| Respondent. | ORDER DENYING AS MOOT PETITIONER'S MOTION TO CORRECT DISCREPANCIES AND TO ENLARGE TIME TO FILE A NOTICE OF APPEAL |
| _____/ | (DOCUMENT #37) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

I. Motion for Extension of Time to File Objections

On December 20, 2010, petitioner filed a motion to extend time to file objections to findings and recommendations to grant Respondent's motion to dismiss.

Petitioner has shown good cause for one final extension of time to file objections. The Court notes, however, that Petitioner has already been given multiple extensions of time resulting in Petitioner's having had almost four months to file objections to the findings and

recommendations. Petitioner's declaration reflects that his work schedule permits access to the law library on both workdays and his days off. Further, Petitioner has not shown that lockdowns have precluded access. (Doc. 38, 2.)

Petitioner will be granted thirty days to complete and file his objections. However, no further extensions of time will be granted absent a particularized and specific showing of cause.

## II. Motion concerning Discrepancies and Enlargement of Time to Appeal

On November 29, 2010, Petitioner filed a motion in which Petitioner expresses an intention to file a notice of appeal with respect to the Court's order denying Petitioner's applications for default judgment, which was filed on October 19, 2010. (Doc. 37, 1-2.) He refers to previous attempts to obtain an enlargement of time to file an appeal of the denial of the motions for default judgment and seeks to have the docket or record concerning those attempts corrected. (Id. at 2.)

The Court of Appeals has jurisdiction of appeals from "all final decisions" of the district courts except where direct review may be had in the Supreme Court. 28 U.S.C. § 1291. Pursuant to § 1291, a judgment is final for purposes of appeal when it 1) is a full adjudication of the issues, and 2) clearly evidences the judge's intention that it be the court's final act in the matter. Patel v. Del Taco, Inc., 446 F.3d 996, 1000 (9th Cir. 2006). Denial of a motion for a default judgment is not a final or appealable order. Bird v. Reese, 875 F.2d 256 (9th Cir. 1989).

Because the Court's order denying Petitioner's motions for default judgment was not a final or appealable order, Petitioner's application to correct discrepancies and for an enlargement of time to file a notice of appeal will be denied as moot.

## III. Disposition

Good cause having been presented to the court and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

1) Petitioner is GRANTED thirty days from the date of service of this order in which to file objections; and

///

///

///

    2)  Petitioner's motion to correct discrepancies and for an enlargement of time to file a notice of appeal is DENIED as moot.

IT IS SO ORDERED.

**Dated:   January 4, 2011**          /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE